THOS. DAVIS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—717.]

**Evidence in Homicide Case.**

Where the accused offered to prove that the deceased was a violent and dangerous man when drinking, it was not error to reject such proof when there was no evidence given that the deceased was drunk, and when, besides, the accused had the full benefit of such testimony from a number of witnesses who testified that the deceased was a violent and dangerous man in stronger language than that contained in the offer made.

**Instructions Construed Together.**

When in the trial of a homicide case in an instruction as to the law of manslaughter the court omitted to say anything about the doctrine of reasonable doubt, but in other instructions given he fully set forth such doctrine, the instructions given will be construed as a whole and such omission will not be held as prejudicial to the defendant's substantial rights.

**Instruction as to Abstract Proposition.**

Where in an instruction in the trial of a homicide case a mere abstract proposition is stated with no evidence to support it, but it is more favorable to the accused than to the commonwealth, such instruction is not erroneous and does not injure the accused.

APPEAL FROM BARREN CIRCUIT COURT.

February 3, 1883.

OPINION BY JUDGE PRYOR:

The case of the appellant has been twice passed on by a jury of his county and in each instance a verdict of guilty has been returned into court. The verdict on the first trial was guilty of murder, and confinement in the penitentiary for life the punishment. The verdict now complained of finds him guilty of manslaughter and fixes his punishment at confinement in the state penitentiary for 21 years.

It is certain from the testimony in the case that the defendant was at the house of Martha Hulsey on the night and at the time Woodford Creel was killed. It is equally certain, we think, that they went there for no legitimate purpose, and that the results of their nocturnal visit was as contemplated by them; and the proof authorized the conclusion that Davis was as much guilty as either of the others. Davis had expressed his intention to kill Creel and leave the country. We have nothing, however, to do with the evidence. The jury has said that appellant is guilty and it only remains for this court to determine whether any error of law was committed during the progress of the trial, prejudicing the substantial rights of the appellant.

The appellant offered to prove that Creel was a violent and dangerous man when drinking, and this was determined to be incompetent by the court below, and under the circumstances we think such testimony should have been rejected. There is no proof that Creel was drunk, but some testimony that he had taken a drink or two and had a bottle of whiskey with him. Besides, the appellant had the full benefit of such testimony. Witness after witness spoke of his being a violent and dangerous man, and in stronger terms than is contained in the avowal made as to what would be proven by the rejected witness.

The objection to the instructions, based on the idea that as to the crime of manslaughter the judge had lost sight of the question as to reasonable doubt, ought not to prevail. The court in instructing the jury in regard to murder also told them that if they entertained a reasonable doubt of the defendants being proved guilty of any offense they must acquit him. In instruction 4, under which the conviction was had, the jury was told that if they had a reasonable doubt as to his being guilty of murder, if they should believe from the evidence that he was guilty of manslaughter (defining it) they must find him guilty. The words "reasonable doubt" are omitted in this particular instruction, but in the instruction following, No. 5, the court said: "If you do not believe from the evidence beyond a reasonable doubt that defendant cut and wounded Creel as set out in instructions Nos. 1, 2 and 4, but shall believe from the evidence that he wilfully and feloniously aided John Hulsey, * * * you must find him guilty." So it is manifest, we think, that the jury fully understood the issue submitted to them, and that they were to give the accused the benefit of a reasonable

doubt. It ran through the entire instructions in the one form or the other, and no jury could well have been selected without intelligence sufficient to enable them to understand, under the instructions, that the benefit of the reasonable doubt must be given the accused. It would be reversing the case upon the merest technicality to decide otherwise, and in effect a reflection on the intelligence of the jury trying appellant's case.

It is also said that the court erred in assuming that John Hulsey did the cutting or killing. The proof is positive that Hulsey shot the deceased after deceased was struck with the ax, and as to his guilt there is no doubt, and the court did not prejudice appellant's cause by assuming that fact. Nor was there any error in the seventh instruction. It was, to say the least of it, presenting the jury a mere abstract proposition with no evidence to support it, but was more favorable to the accused than to the commonwealth. There was proof that Davis was seen running away after the killing, and the jury might have inferred that he had abandoned his felonious purpose.

The accused was given the full benefit of the law of self-defense. The jury was told that if the mission of Davis was one of peace and that he acted only in self-defense he was entitled to an acquittal, and further that if the assault was made by Creel on either the accused or John Hulsey, and was such as endangered the life of either, or of their suffering great bodily harm, they had the right if they had no other apparent means of escape to kill Creel, and were not compelled to retreat. The whole issue was fairly presented to the jury, and under the instructions given every defense to which the accused was entitled could have been and was made by his able counsel.

The instruction as to reasonable doubt and the necessity of the jury believing that every essential fact had been established beyond a reasonable doubt was properly refused, and although sometimes given, it is but a repetition of what the jury had already been told. The facts necessary to establish guilt had been set forth in the instructions preceding it, and these facts they were to believe beyond a reasonable doubt. The instruction rejected is calculated to lead the mind of the jury from the material facts of the case, and to invite an inquiry as to the probable existence of facts that may not be material to establish the guilt of the accused. The jury trying this case we have no doubt fully understood all the issues and their

duty to the commonwealth and the accused. While the punishment is severe, it is nevertheless lenient, and we see no reason for reversing it.

Judgment *affirmed.*

J. J. C. Eubank, for appellant.

John Ritter, P. W. Hardin, for appellee.